IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CATHY ROSARIO,                                   Case No. 3:13-cv-01183-AC

          Plaintiff,                             OPINION AND ORDER

     vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

          Defendant.

---

ACOSTA, Magistrate Judge:

     Cathy Rosario ("plaintiff") seeks judicial review of a final decision by the Commissioner of

Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB")

under Title II of the Social Security Act ("Act"). This court has jurisdiction to review the

Commissioner's decision pursuant to 42 U.S.C. § 405(g). Based on a careful review of the record,

the court reverses the Commissioner's decision and remands it for further administrative

OPINION AND ORDER - 1

proceedings.

### *Procedural Background*

Plaintiff most recently applied for DIB on July 15, 2010, alleging disability as of March 16, 2002, due to rheumatoid arthritis in the lower back and depression. (Tr. 150, 168.) Her application was denied initially and upon reconsideration. (Tr. 70-77, 102-04.) A hearing was held on February 15, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 3-39.) On February 23, 2012, the ALJ issued a decision finding plaintiff not disabled. (Tr. 58-65.) Plaintiff timely requested review of the ALJ's decision and, after the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. (Tr. 40-42.).

### *Factual Background*

Born on July 29, 1962, plaintiff was 39 years old on the alleged onset date of disability and 49 years old at the time of the hearing. (Tr. 4, 6, 150.) She graduated from high school and thereafter completed vocational school at Western Business College. (Tr. 7, 169). Plaintiff previously worked as a customer service representative, day care provider, and secretary. (Tr. 33-34, 169.)

### *Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a

OPINION AND ORDER - 2

grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 42 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity;" if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At step two, the Commissioner resolves whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner evaluates whether the claimant's impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 404.1520(d). If so, the claimant is presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(f). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can

OPINION AND ORDER - 3

perform other work existing in significant numbers in the national or local economy. *Id.* at 142; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

### *The ALJ's Findings*

At step one of the five-step sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 60.) At step two, the ALJ found that plaintiff had the following severe impairment: "rheumatoid arthritis." (*Id.*) At step three, the ALJ found that plaintiff's impairment did not meet or equal the requirements of a listed impairment. (Tr. 61-62.)

Accordingly, the ALJ continued the sequential evaluation process to determine how plaintiff's medical limitation affected her ability to work. The ALJ resolved that plaintiff had the residual functional capacity ("RFC") to perform "light work as defined in 20 C.F.R. 404.1567(b)" except: "she is limited to unskilled and semi-skilled work that requires no more than frequent fingering and handling." (Tr. 62.)

At step four, the ALJ concluded that plaintiff could perform her past relevant work as a "customer service representative." (Tr. 64.) Therefore, the ALJ determined that plaintiff was not disabled within the meaning of the Act. (Tr. 65.)

### *Discussion*

Plaintiff argues the ALJ erred by diverging from the Dictionary of Occupational Titles ("DOT") without explanation. Defendant argues that the VE adequately testified that a person with plaintiff's RFC could return to her past relevant work, and to the extent that the ALJ erred in omitting the DOT code for the job at issue, plaintiff invited the error and therefore the decision

OPINION AND ORDER - 4

should not be reversed.

As recited above, plaintiff bears the burden of proof in establishing she cannot perform any past relevant work at step four. *Yuckert*, 482 U.S. at 141. However, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840 (9th Cir. 2001) (citing Social Security Ruling ("SSR") 82-62 *available at* 1982 WL 31386, *3 ("[W]hether the claimant retains the functional capacity to perform past work . . . must be developed and explained fully in the disability decision.")). Further, in establishing whether a plaintiff can perform past relevant work, the ALJ cannot rely upon VE testimony that is inconsistent with the DOT unless the record contains "persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995); *see also* SSR 00-4p *available at* 2000 WL 1899704, *2-3.

At step four, the ALJ found plaintiff did not qualify as disabled under the Act because she could perform her past relevant work of "customer service representative, which the ALJ indicated was a sedentary, semi-skilled SVP-4 job. (Tr. 64-65.) The ALJ's finding was derived from the VE, who, at the hearing, stated:

> [Plaintiff] also testified today to a position she mentioned working . . . at a call center, and that would fit into the DOT's description of *customer service rep[resentative]* which is sedentary work and semi-skilled with an SVP 4.

(Tr. 34, 64-65 (emphasis added).) Later in the proceeding, the VE affirmed that considering plaintiff's RFC, she could still perform her past work in a "customer service call center" with an SVP 4. (Tr. 37.) Additionally, the VE indicated her testimony was consistent with the DOT. *Id.* During the hearing, neither the ALJ nor the VE mentioned a DOT code for "customer service call center" or "customer service representative," and the ALJ, in his decision, found plaintiff could perform the occupation of customer service representative. (Tr. 33-39, 65.) However, as plaintiff

explains, and defendant concedes, there are no customer service representative positions listed in the DOT with a SVP of less than 5. Pl.'s Opening Br. 3-4; Def.'s Br. 5. Thus, the VE's testimony diverged from the DOT, and as no explanation for the divergence was offered, the finding is invalid. *Johnson*, 60 F.3d at 1435.

Defendant argues that although the ALJ identified the wrong job title in his decision, he nonetheless appropriately found plaintiff could perform her past relevant work. Def.'s Br. 5-6. Defendant submits that considering plaintiff's description of her job duties, plaintiff's prior call center work is consistent with the DOT job of "order clerk," a sedentary job with SVP 4, which plaintiff's RFC would allow her to perform. *Id.* Thus, argues defendant, the ALJ did not err in finding plaintiff could perform her past relevant work, despite the fact the position actually identified by the ALJ in his decision–customer service representative–does not, by defendant's own admission, resemble plaintiff's past work.[1] Def.'s Br. 5, 6; (Tr. 65).

Defendant's argument lacks merit. This Court may "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2004)). The Court is unable to locate any reference to the position of "order clerk" in the record, and it is certainly absent from the ALJ's decision, including the discussion of plaintiff's past relevant work. (Tr. 64-65.) Accordingly, the Court cannot do as defendant requests and find that (1) the ALJ and VE used the term "customer service representative" incorrectly during

---

[1] The parties agree that "customer service representative" positions in the DOT include those in the financial sector (DOT 239.362-026, *available at* 1991 WL 671712); and those in media, radio, television, utilities, and waterworks (DOT 239.362-014, *available at* 1991 WL 672224). Pl.'s Opening Br. 6 n.1; Def.'s Br. 5. The parties also agree that neither job is congruent to plaintiff's past work. *Id.;* Pl.'s Reply Br. 3.

the hearing, and that they intended to use the title "order clerk;" (2) plaintiff's past relevant work as a call center worker is analogous to the DOT's "order clerk" position; (3) plaintiff's RFC allows her to perform the job of "order clerk" on a full-time basis; and (4) therefore, any error was harmless and plaintiff is not disabled. These are fact-finding issues the ALJ must resolve, likely with the assistance of a VE. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044 (9th Cir. 2007) (citing *INS v. Ventura*, 547 U.S. 12, 16 (2002) ("A court of appeals is not generally empowered to conduct *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.") (internal quotation omitted)).

Alternatively, defendant invokes the "invited-error" doctrine. Def.'s Br. 5. "Under the invited-error doctrine, an error that is caused by the actions of the complaining party will cause reversal only in the most exceptional situation." *United States v. Schaff*, 948 F.2d 501, 506 (9th Cir. 1991). Essentially, defendant maintains that during the hearing, the DOT code for plaintiff's customer service phone center representative position was not obtained from the VE because plaintiff's prior counsel stated, "I can run down the DOT's on these. I'm sure you've presented them accurately." (Tr. 38); Def.'s Br. 5. There are a number of problems with this argument. First, it is just as likely the DOT code was not mentioned because prior to plaintiff's counsel's comment, the ALJ stated, "Don't give me the DOT numbers yet." (Tr. 33.) Next, even if the DOT codes for the DOT's "customer service representative" jobs had been listed, none would have been appropriate work for plaintiff, as the codes all involve SVP 5 or greater. *Supra;* SSR 00-4p, *3 ("[S]emi-skilled work corresponds to an SVP of 3-4 . . . in the DOT."). Finally, despite any alleged confusion during the hearing, the ALJ had the responsibility to fully develop the record, and the ultimate authority whether to find plaintiff could perform the job of "customer service representative" in composing

OPINION AND ORDER - 7

his decision. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (internal quotations omitted)). For these reasons, defendant's argument fails and remand is necessary.

On remand, the ALJ should employ the assistance of a VE to reassess plaintiff's past relevant work and determine if her RFC allows her to perform it.

### Conclusion

For the reasons stated above, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 30th day of June, 2015.

JOHN V. ACOSTA
United States Magistrate Judge

Page 8 - FINDINGS AND RECOMMENDATION